**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIEGO B. RODRIGUEZ,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-1723 |
| v | : | |
| | | (JUDGE MANNION) |
| **Capt. S. SPAULDING,** | : | |
| Respondent | : | |

## MEMORANDUM

Diego Rodriguez, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("USP-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He claims that an ambiguity in his sentencing transcript has the potential to increase his Bureau of Prisons' ("BOP") custody score and affect his conditions of confinement. Id. Specifically, Rodriguez states that "at issue reflected in the judgment, it appears that Petitioner was sentenced on counts 1,2,5,6, and 7 although the same judgment later states that Petitioner was found guilty of 1,2,5, and 7." Id. He claims that "this is where the ambiguity comes in" in that "when comparing the judgment to the sentencing transcript at 23:13-17, the court sentenced Petitioner on count 6 to serve 240 months creating a latent and calculated ambiguity in the record which poses a threat

to the execution of Petitioner's current sentence." Id. The petition is ripe for disposition, and for the reasons outlined below, the petition will be **DISMISSED**.

I. <u>Background</u>

By Order dated September 27, 2012, the United States District Court for the Southern District of New York issued the following findings with respect to Rodriguez's criminal case:

> On March 29, 2012, the Honorable James L. Cott, United States Magistrate Judge, issued a Report and Recommendation ("R&R") in the above captioned matter, recommending the denial of petitioners' petitions, filed pursuant to 28 U.S.C. §2255, as to all claims except Rodriguez's claim that he was mistakenly sentenced on Count Six and should be refunded the $100 special assessment on that count. Subsequently, on April 27, 2012, Rodriguez submitted objections to certain portions of the R&R, and on April 30, 2012, Quinones likewise submitted his objections. Accordingly, the Court has reviewed the petitions and the underlying record <u>de</u> <u>novo</u>.
>
> Having done so, the Court finds itself in agreement with the R&R as to all matters except the conclusion that Rodriguez was mistakenly sentenced on Count Six. Rodriguez claims that, although only Quinones was charged with Count six of the indictment, the Court nonetheless sentenced Rodriguez to a twenty-year term on that count (to run concurrently with his sentence on the other counts) and erroneously imposed a special assessment of $100 on this count. But only the assessment part of this argument is correct, as the sentencing Judgment dated September 29, 2004, makes clear.

> Specifically, while the top of the first page of the Judgment contains a notation that could be read as suggesting that Rodriguez was sentenced on Counts "1, 2, 5, 6, and 7", this is corrected immediately below, where the Judgment states, in detail, that Rodriguez was "adjudicated guilty" of Counts "1, 2, 5, and 7" (but not 6). Moreover, all this is, in any event, irrelevant to Rodriguez's claim, because at the top of the next page, where the actual sentences appear, the Judgment states that "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: LIFE IMPRISONMENT ON COUNTS 1, 2 and 7. 10 YEARS ON COUNT 5 ALL TO RUN CONCURRENTLY." Nowhere is any sentence for Count Six included, let alone a twenty-year sentence. In short, Rodriguez was not sentenced at all on Count 6.
>
> Nevertheless, the fifth page of the Judgment erroneously imposes a special assessment of $500 on Rodriguez, when it should have been $400. Other than this partial correction, the Court finds itself in agreement with Magistrate Judge Cott's R&R and hereby adopts its reasoning by reference. Accordingly, the Court dismisses Quinones' petition in all respects, and dismisses Rodriguez's petition in all respects except for the direction that Rodriguez be reimbursed $100. In addition, because petitioners have not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. §2253. Clerk to enter judgment.

((Doc. 1 at 18-20, Order).

On November 12, 2013, the United States District Court for the Southern District of New York issued an Amended Judgment in a Criminal Case in Petitioner's criminal case, reflecting that Petitioner was found guilty on counts 1, 2, 5, and 7. (Doc. 1 at 21-28, Amended Judgment in a Criminal Case).

On September 2, 2015, Petitioner filed the instant petition for writ of habeas corpus in which he alleges that "Petitioner's sentencing hearing on

September 27, 2004, which the District Court for the Southern District of New York erroneously made an oral pronouncement, sentencing him on count 6 to 20 years imprisonment bares the hallmark of a formal sentence, so much so that an apparent ambiguity appeared in the judgment though corrected still remains in the sentence transcripts." (Doc. 1 at 15). Petitioner insists that this ambiguity "threatens" to affect the execution of his sentence by the BOP by impacting his "conditions of confinement and required program assignments." Id. at 13-15. Thus, the Petitioner filed the above captioned action "challeng[ing] the Constitutionality and the potential effect of his current sentence on his current custody." Id.

## II.     Discussion

Federal law provides two main avenues of relief to incarcerated persons: a petition for habeas corpus, and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Although both §1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief

turning on circumstances of confinement may be presented in a §1983 action." Muhammad, 540 U.S. at 750. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate." Leamer, 288 F.3d at 542. In sum, federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." Leamer, 288 F.3d 540.

In the instant case, Rodriguez does not seek either a speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration. To the extent that he seeks a correction to his judgment and commitment Order, the New York District Court's November 12, 2013 Amended Judgment afforded him such relief. To the extent that Petitioner is challenging any adverse impact on his conditions of confinement, such as his security level, this Court lacks habeas jurisdiction. See McCall v. Ebbert, 384 F. App'x 55 (3d Cir.2010) (District Court properly dismissed for lack of jurisdiction §2241 petition challenging transfer to increased security level and conditions of confinement.) Rodriguez's claims are more properly classified as conditions of confinement claims that would more appropriately be brought as a Bivens action. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Finally, to the extent that Petitioner

seeks to challenge a future "potential" or "threat" of adverse action by the BOP based upon the alleged sentencing ambiguity, Petitioner would have BOP administrative remedies available to him at that time. See 28 C.F.R. §542.10(a). The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement. Id. Until such time, this Court lacks jurisdiction. Texas v. United States, 523 U.S. 296, 300 (1998) (holding that a claim is not ripe for adjudication if it rests upon some contingent future event). Accordingly, the petition will be dismissed.

### III.  **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ––U.S. ––, ––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502

Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   May 3, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1723-01.wpd